IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EDDIE EUBANKS,                )
                              )
       Plaintiff,             )
                              )
v.                            )   CASE NO. 2:17-cv-245-MHT-DAB
                              )
WESTERN EXPRESS, INC.,        )
                              )
       Defendant.             )

# REPORT AND RECOMMENDATION[1]

This matter is before the Court *sua sponte*. Plaintiff filed his Complaint in this court alleging various state law claims arising out of a January 2016 motor vehicle accident occurring in a parking lot in which he suffered injuries as a result. (Doc. 1). Plaintiff seeks to invoke the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]

On June 27, 2017, this court entered an order directing Plaintiff to show cause why this case should not be dismissed due to lack of jurisdiction. (Doc. 13). In pertinent part, the order observed that although Plaintiff summarily alleged the

---

[1] On June 7, 2017, the district judge entered an order pursuant to 28 U.S.C. § 636 referring to the undersigned for consideration and disposition or recommendation as appropriate on all pretrial matters. (Doc. 10).

[2] Section 1332 provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 U.S.C.A. § 1332(a)(1).

1

amount in controversy exceeded seventy-five thousand dollars, he did not allege facts supporting the claimed amount. *Id.* at 2. In response to the court's question as to whether the jurisdictional amount in controversy had been satisfied, Plaintiff responded to the court's order advising that he sustained "severe injuries to his neck and back resulting in excruciating pain and mental distress" and provided factual support for approximately ten thousand dollars in damages consisting of $3,292.14 in doctors' bills and other medical expenses and $6,989.78 in property damage. (Doc. 14).

Because federal courts are courts of limited jurisdiction, "a federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits."[3] *Mirage Resorts, Inc. v. Quiet Nacelle Corp.,* 206 F.3d 1398, 1400-

---

[3] An "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831, 119 S. Ct. 2295, 2307 (1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89, 118 S. Ct. 1003 (1998)); *see also, e.g.*, *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (stating that "a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises"); *Galindo-Del Valle v. Attorney Gen.*, 213 F.3d 594, 598 n.2 (11th Cir. 2000) (observing that federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); *Kutner v. Kutner*, 656 F.2d 1107, 1110 (5th Cir. 1981) ("[I]t is the duty of the court to determine on its own motion whether it has jurisdiction of any case before it."); *Employers Mutual Cas. Co. v. Evans,* 76 F. Supp. 2d 1257,

1401 (11th Cir. 2000). That obligation should be undertaken "at the earliest possible stage in the proceedings[.]" *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). Even when no party challenges it, courts are obligated to determine whether subject-matter jurisdiction exists. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The burden of persuasion for establishing diversity jurisdiction remains on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the venue's jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207(11th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Plaintiff bears that burden here, and the court concludes he fails to carry his burden.

In his Complaint, Plaintiff summarily alleges the amount in controversy exceeds seventy-five thousand dollars. (Doc. 1, ¶ 3). Because he did not allege facts to support the claimed amount, the court issued an order directing the Plaintiff to demonstrate the factual basis for the court's jurisdiction. (Doc. 13). Plaintiff responded stating his doctors' bills and other medical expenses as of June 2017 (for a January 2016 accident) equaled $3,292.14. (Doc. 14 at 2). Plaintiff alleged he

---

1259 (N.D. Ala. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

incurred vehicle damages totaling $6,989.78. *Id.* Thus, in response to the court's order to show cause, Plaintiff demonstrated $10,281.92 in damages. He further stated he expected the amount of medical bills to rise with future treatment, but included no factual detail to support this expectation. *Id.* He additionally stated he suffered "lost wages," but did not provide an amount or a factual basis to substantiate an amount. *Id.* He alleged to have been "caused to suffer permanent injury and a high probability of future surgeries, future pain and suffering and future lost wages," but otherwise did not provide any factual support for these claims. As noted above, it is Plaintiff's obligation to come forward with facts to establish the jurisdictional requirements have been met. *See Kokkonen*, 511 U.S. at 377; *Lowery*, 483 F.3d at 120. When ordered to show the factual basis for this court's jurisdiction, Plaintiff demonstrated a little over ten thousand dollars in damages, and offered no factual support for an amount exceeding the sum or value of $75,000, exclusive of interest and costs. The court finds Plaintiff has failed to demonstrate that the court's jurisdictional amount has been satisfied, and thus dismissal of the case for lack of subject-matter jurisdiction is warranted.

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that the case be **dismissed without prejudice** due to lack of subject-matter jurisdiction.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **October 19, 2017.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 5th day of October 2017.

                                                                                      _____
                                                                                      DAVID A. BAKER
                                                                                      UNITED STATES MAGISTRATE JUDGE